IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01656-MSK-BNB

CHERI STRAHAN,

Plaintiff,

v.

TAKHAR COLLECTION SERVICES LTD., a Canadian corporation,

Defendant.

_____

## ORDER
_____

This matter arises on the plaintiff's **Motion to Strike Defendant's Letter . . . and to Order the Clerk of the Court to Enter Default Against the Defendant** [Doc. # 8, filed 8/31/2009] (the "Motion to Strike"). The Motion to Strike is DENIED without prejudice.

By an Order [Doc. # 5] filed July 29, 2009, I set this case for a scheduling conference to occur on September 4, 2009, at 10:00 a.m. By a minute order [Doc. # 6] a settlement conference was set to occur at the same date and time.

The plaintiff filed the Motion to Strike, arguing that the defendant is a corporation. Motion to Strike at ¶5. Although the defendant caused a letter [Doc. # 7] to be filed on August 5, 2009, signed by its manager of operations, no response to the complaint has been filed and no entry of appearance has been made by a member of the bar of this court. In view of the Motion to Strike, I vacated the scheduling and settlement conferences. Order [Doc. # 10, filed 9/1/2009].

Entry of a default is controlled by Rule 55(a), Fed. R. Civ. P., which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The rule contemplates that a party seeking entry of a default must establish the necessary elements by evidence.  If, as the plaintiff argues, the defendant is a corporation, the local rules of our court and the law of this circuit require that it proceed only through counsel admitted to the bar of the court.  <u>Flora Const. Co. v. Fireman's Fund Ins. Co.</u>, 307 F.2d 413, 413-14 (10th Cir. 1962)("The rule is well established that a corporation can appear in a court or record only by an attorney at law"); <u>Reeves v. Queen City Transportation, Inc.</u>, 10 F. Supp. 2d 1181, 1188 (D. Colo. 1998)("It has been the law, for the better part of two centuries, that a corporation may appear in federal court only through a licensed attorney"); D.C.COLO.LCivR 11.1A and 83.3D (recognizing that a corporation cannot appear without counsel admitted to practice before this court).  And, under those circumstances, the letter properly would be stricken.  D.C.COLO.L CivR 11.1A.  The plaintiff has failed to establish by any evidence, however, including an affidavit or otherwise, that the defendant is, in fact, a corporation.  The plaintiff is granted leave to file a renewed motion supported by adequate evidence.

IT IS ORDERED that the Motion to Strike is DENIED without prejudice and subject to renewal with supporting evidence.

Dated September 16, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge