IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01656-MSK-BNB

CHERI STRAHAN,

Plaintiff,

v.

TAKHAR COLLECTION SERVICES LTD., a Canadian corporation,

Defendant.

---

**ORDER**

---

This matter arises on **Plaintiff's Renewed Motion to Strike Defendant's Letter . . . and to Order the Clerk of the Court to Enter Default Against the Defendant** [Doc. # 13, filed 11/11/2009] (the "Motion"). The Motion is GRANTED.

By an Order [Doc. # 5] filed July 29, 2009, I set this case for a scheduling conference to occur on September 4, 2009, at 10:00 a.m. By a minute order [Doc. # 6] a settlement conference was set to occur at the same date and time.

The file indicates that the defendant's registered agent was served with a summons and a copy of the complaint on July 15, 2009. *Return of Service* [Doc. # 4]. The defendant caused a letter [Doc. # 7] to be filed on August 5, 2009, signed by its manager of operations. The defendant is a corporation, however. *Statement of Foreign Entity Authority* [Doc. # 13-2] at ¶9. The local rules of this court and the law of this circuit require that a corporation proceed only through counsel admitted to the bar of the court. Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 413-14 (10th Cir. 1962)("The rule is well established that a corporation can appear

in a court or record only by an attorney at law"); <u>Reeves v. Queen City Transportation, Inc.</u>, 10 F. Supp. 2d 1181, 1188 (D. Colo. 1998)("It has been the law, for the better part of two centuries, that a corporation may appear in federal court only through a licensed attorney"); D.C.COLO.LCivR 11.1A and 83.3D (recognizing that a corporation cannot appear without counsel admitted to practice before this court). The letter is signed by the defendant corporation's manager of operations, who is not a lawyer admitted to the bar of this court. Consequently, the letter should be stricken. D.C.COLO.L CivR 11.1A.[1]

Entry of a default is controlled by Rule 55(a), Fed. R. Civ. P., which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

The defendant has been served with a summons and complaint and has failed to plead or otherwise defend. Entry of a default is proper.

IT IS ORDERED that the Motion [Doc. # 13] is GRANTED. The letter [Doc. # 7] is STRICKEN pursuant to D.C.COLO.LCivR 11.1A.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter default against the defendant pursuant to Fed. R. Civ. P. 55(a).

---

[1]Local rule 11.1A states in relevant part:

> Any pleading, motion, or paper listing in a signature block, or purporting to enter an appearance by, any other person, partnership, professional corporation, limited liability company, or other entity may be stricken.

2

Dated November 13, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge